1 iARMSTRONG, Justice,
concurring.
Dr. Ryan’s delay from Monday, December 7 to Wednesday, December 9 in seeing plaintiff, and in discontinuing the Septra, resulted in her taking several more doses of Septra. Plaintiffs counsel elicited some testimony on cross-examination of two doctors that, as to allergic reactions to medication in general, it is best to discontinue the medication as soon as possible because, the more one takes of the medication, the worse the allergic reaction may be. However, the same point does not hold true for Stevens-Johnson Syndrome in particular. The medical testimony was either that Stevens-Johnson Syndrome in reaction to a medication is “not dose related” so that the reaction will run its course if the first dose is taken and further doses will not increase its .severity or that it is unknown to medicine as to whether Stevens-Johnson Syndrome is dose related or whether further doses can increase the severity of the reaction. There is no testimony, by any of the doctors who testified in this case, to the effect that the additional doses of Septra taken by plaintiff from Monday, December 7 to Wednesday, December 9, either caused her Stevens-Johnson Syndrome or made it more severe. Thus, plaintiff has not carried her burden |2of proof as to causation in that respect.
Dr. Ryan’s failure to give plaintiff steroids can be the cause of damages only if the steroids would have affected the course of Stevens-Johnson Syndrome. The medical testimony was either that steroids have no effect on Stevens-Johnson Syndrome or that it is unknown to medicine as to whether steroids will have any effect. Although steroids are sometimes used in connection with Stevens-Johnson Syndrome, as was eventually done in this case, this apparently is just a matter of doing something as opposed to nothing, and not because of any particular expectation of alleviating the reaction. There is not any testimony by any of the ten doctors to the effect that steroids would have affected plaintiff’s Stevens-Johnson Syndrome. Thus, the plaintiff failed to meet her burden of proving causation in this respect as well.
Lastly, plaintiff’s expert, Dr. Wade, testified that Dr. Ryan should have, in some unspecified way, “followed” plaintiffs condition after the Wednesday, December 9 visit. However, there was no opportunity for Dr. Ryan to follow plaintiffs condition. Late Wednesday, December 10, the plaintiff became concerned and, instead of contacting Dr. Ryan, went to the emergency room in the early morning hours of Thursday, December 11. The emergency room physician instructed her to contact Dr. Ryan if her condition did not improve in two days. Instead, she flew home to Georgia. Moreover, the medical testimony was unanimous that the symptoms indicative of Stevens-Johnson Syndrome do not appear for seven to ten days, which is precisely what happened in this ease, and that by that time plaintiff was in Georgia. The plaintiff chose not to be treated by Dr. Ryan after the Wednesday, December 9 visit, and elected to be seen by other doctors, so Dr. Ryan was not able to “follow” her condition in any way.
I respectfully concur in the reversal of the judgment.